

# THE ATTORNEY GENERAL
## OF TEXAS

**AUSTIN 11, TEXAS**

Gerald C. Mann
~~XXXXXXXXXXXXXXXXXX~~
ATTORNEY GENERAL

Honorable Campbell K. Ford
County Attorney
San Saba County
San Saba, Texas

Opinion Number O-3149
Re: Investment of sinking fund in
county warrants payable out of Gen-
eral Fund at a 1% discount.

Dear Sir:

We acknowledge receipt of your opinion request of February 7, and quote from your letter as follows:

> "The County Treasurer has on hand about $26,000 in the sinking fund of which there is about $17,000 surplus over and above the amount that will be needed to pay principal and interest on San Saba County road and bridge bonds and we will have all of 1941 collections to take care of 1942 principal and interest on these bonds.
>
> "We are desirous to know if we can use this surplus to buy county warrants payable out of the General Fund at a 1% or more discount. These general fund warrants will be payable and paid before April 1942 which would be, of course, before this surplus could or would be needed.
>
> "I have given the Commissioners' Court and Treasurer a written opinion and brief on all I have been able to find on this question. I am inclosing a copy as a brief on this particular question and would appreciate your opinion on this question as soon as you find it possible to do so."

You are respectfully advised at the outset that we believe that the conclusions stated by you in your opinion are correct.

Since the Texas Constitution (Art. 11, Sec. 7) declares that "no debt for any purpose shall ever be incurred in any manner by any city or county unless provision is made at the time of creating the same, for levying and collecting a sufficient tax to pay the interest thereon and provide at least two per cent as a sinking fund," the Commissioners' Court is required to levy annual ad valorem taxes sufficient to pay the

interest on all county bonds and to create a sinking fund for their payment at maturity. (Art. 723, Vernon's Revised Civil Statutes).

It seems to be a well settled principle of law that the funds derived from a tax levy for the purpose of paying the interest on and retiring a particular issue of bonds may be used only for that purpose, and the diversion and use of such funds for a different purpose is unauthorized and unlawful.

Article 839 of Vernon's Revised Civil Statutes provides:

"No city or county treasurer shall honoe any draft upon the interest and sinking fund provided for any of the bonds of such city or county, nor pay out or divert any of the same, except for the purpose of paying the interest on such bonds or for redeeming the same, or for investment in such securities as may be provided by law."

The Commissioners' Court, being a court of limited jurisdiction, is without any powers except such as are expressly conferred and have no authority to invest sinking funds except as provided by the Legislature. In Vernon's Revised Civil Statutes of Texas we find that there are three articles which provide for the investment of sinking funds:

"Article 779. Investment of sinking funds. -- The Commissioners' Courts may invest sinking funds accumulated for the redemption and payment of any bonds issued by such county, political subdivision or defined district thereof, in bonds of the United States, of Texas, or any county in this State; or in bonds of the Federal Farm Loan Bank System. No such bonds shall be purchased which, according to their terms, mature at a date subsequent to the time of maturity of the bonds for the payment of which such sinking fund was created."

"Article 836. Investments. -- The legally authorized governing body of any county, city or town, or the trustees of any school district or school community, may invest their respective sinking funds for the redemption and payment of the outstanding bonds of such county, city or town, or community, in bonds of the United States, war-savings certificates, and certificates of indebtedness issued by the Secretary of the Treasury of the United States, and in bonds of Texas, or any county of this State, or of any incorporated city or town. No such bonds shall be purchased which, according to their terms, mature at a date subsequent to the time of maturity of the bonds for the payment of which such sinking fund was created."

> "Article 837. Secondary Investments. -- In the
> event a governing body is unable to purchase securities
> of the character mentioned in the preceding article,
> which mature at a date prior to the time of maturity of
> the bonds for the payment of which such sinking fund was
> created, then they may invest such funds in the bonds of
> any school district or school community authorized to
> issue bonds, under the same restrictions as provided in
> the preceding article."

We note that the above quoted statutes specifically name the type of bonds in which the Commissioners' Court may invest sinking funds, and warrants are not included.

Therefore, it is the opinion of this department that a county cannot invest its sinking fund in any kind of warrants. Said funds may only be invested in the securities specifically named in Articles 779, 836 and 837, Vernon's Revised Civil Statutes of Texas.

Trusting that this answers your question, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By /s/ Claud O. Boothman

Claud O. Boothman
Assistant

COB-s:egw

APPROVED FEB 19, 1941
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved Opinion
Committee By BWB
Chairman